APPEAL OF SPIEGEL'S HOUSEFURNISHING CO.

Docket No. 2688.    Submitted May 25, 1925.    Decided June 25, 1925.

The minutes of a corporation are not sufficiently established by showing that they are contained in a book believed by the witnesses to be the minute book, where the witnesses were not present at the alleged meetings, did not prepare or sign the alleged minutes, and no officer or other person present at the alleged meetings testified.

*A. M. Frumberg, Esq.*, for the taxpayer.
*F. O. Graves, Esq.*, for the Commissioner.

Before STERNHAGEN, GREEN, LANSDON, and LOVE.

The taxpayer appeals from a determination of a deficiency, $29,-115.40, in income and profits tax for the calendar year 1920. The deficiency resulted from the disallowance by the Commissioner of an amount of $40,000 out of a total deduction claimed by the taxpayer of $180,700, alleged to have been paid to its six officers as salaries, as follows:

| | |
|---|---:|
| M. J. Spiegel, secretary and treasurer | $74,000 |
| S. M. Spiegel, president | 44,000 |
| Matilda Spiegel, vice president | 25,800 |
| Mae O. Spiegel, assistant secretary | 20,100 |
| Lena Spiegel, acting vice president | 8,400 |
| Katherine Spiegel, assistant treasurer | 8,400 |
| Total | $180,700 |

The propriety of this disallowance of alleged salaries is the sole issue.

DECISION.

The determination of the Commissioner is approved.

OPINION.

STERNHAGEN: To support its petition the taxpayer took depositions and also offered a witness at the hearing before the Board. The Commissioner disputed the validity of the deduction of the salaries in question, for one reason, among others, that the recipients were all stockholders and that the salaries were not reasonable compensation for services. The taxpayer, acting upon the belief that it needed only to prove that the salaries were properly authorized by corporate resolutions, undertook to prove such resolutions. It offered in evidence what was alleged to be the minute book of the corporation, but the authenticity of the alleged minutes was not proved to the satisfaction of the Board.

Upon deposition the taxpayer offered the present secretary of the corporation, who had been with the corporation since 1922 and not

before. He could not verify the minutes in question and knew only that they were embodied in a book which he had ordinarily regarded as the corporation's minute book. The objection to his deposition was sustained at the hearing. Thereupon the taxpayer put upon the witness stand an employee of the corporation whose duties had to do with the management of the store and had nothing to do with the preparation or custody of the corporate records. He merely knew that he had seen the outside cover of the book in question in the vault where the minute book would ordinarily be kept and that he had understood that it was the minute book.

If this were an ancient document its authenticity could not be so rigidly required to be proved by the person preparing it or who had personal knowledge of the correctness of its contents, but here of all the officers and directors of the company who were authorized to pass such a resolution none was offered as a witness. The person who purports to have signed the minutes as the secretary of the corporation at the time the resolution was said to have been adopted was Modie J. Spiegel. His failure to appear was said to be by reason of his absence in California. His deposition was not taken. The president of the corporation was said to be in New York. His deposition was not taken. The only witnesses, therefore, were two persons whom the Board regards, under the circumstances, as incompetent for the purpose. The minutes were not otherwise satisfactorily proved.

We have carefully examined the authorities cited by the taxpayer in its brief and many other authorities upon the same subject and we are convinced that the rulings made at the hearing were proper.